**[Cite as *State v. Pitts*, 2024-Ohio-603.]**

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Appellee | : | C.A. No. 29649 |
| | : | |
| v. | : | Trial Court Case No. 2022 CR 00546 |
| | : | |
| RONALD W. PITTS | : | (Criminal Appeal from Common Pleas |
| | : | Court) |
| Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on February 16, 2024

. . . . . . . . . . .

THERESA G. HAIRE, Attorney for Appellant

MATHIAS H. HECK, JR., by NATHAN B. VANDERHORST, Attorney for Appellee

. . . . . . . . . . . .

EPLEY, P.J.

{¶ 1} Defendant-Appellant Ronald Pitts appeals from his conviction in the Montgomery County Court of Common Pleas after he pleaded guilty to aggravated arson and was sentenced to community control. Additionally, pursuant to R.C. 2909.15(D)(2), Pitts was ordered to register as an arson offender for the rest of his life. For the reasons that follow, the judgment of the trial court will be affirmed.

## I.     Facts and Procedural History

{¶ 2} In February 2022, Pitts set fire to the house at 919 Wellmeier Avenue in Dayton. This action not only damaged the property but violated a protection order against him. In early March 2022, Pitts was indicted on one count of aggravated arson and one count of violation of a protection order.

{¶ 3} In June 2022, Pitts entered into a plea agreement with the State. He agreed to plead guilty to the single count of aggravated arson and, in exchange, the State dismissed the violation of a protection order charge. Prior to the sentencing, Pitts filed a motion to have the court find R.C.2909.15(D)(2)(b) – a portion of the arson offender registry statute – unconstitutional. At the disposition, Pitts was sentenced to up to five years of community control. The trial court acknowledged his motion but informed Pitts that unless the Supreme Court were to find that section unconstitutional, he would be required to register as an arson offender for the rest of his life.

{¶ 4} Pitts has filed a timely appeal with a single assignment of error.

## II.     Arson Registry

{¶ 5} In his initial brief, Pitts argued that the trial court erred by denying his motion to declare R.C. 2909.15 – which requires a person convicted of arson to register with the sheriff of the county in which he or she resides – an unconstitutional violation of the separation of powers doctrine. Pitts alleged that R.C. 2909.15(D)(2)(b) infringes upon the judicial power to sentence because it requires a recommendation from executive branch officials to potentially shorten the registration period. That section states: "The judge may

limit an arson offender's duty to reregister at an arson offender's sentencing hearing to not less than ten years if the judge receives a request from the prosecutor and the investigating law enforcement agency to consider limiting the arson offender's registration period."

{¶ 6} Although this was an undecided question of law when Pitts submitted his appellate brief, shortly thereafter, the Ohio Supreme released its opinion in *State v. Daniel*, Ohio Slip Opinion No. 2023-Ohio-4035, __ N.E.3d __, which held that the separation of powers doctrine is not unconstitutionally implicated by the statute.

{¶ 7} The *Daniel* court noted that "the decision whether to recommend a reduced registration period is not judicial in nature. The judiciary exercises the power of adjudication and imposition of sentence when it enters final judgment of conviction, but not before. The prosecution exercises its prosecution power before entry of final judgment, but not after. In this respect, a prosecutor's decision whether an offender should be considered for a reduced registration period fits comfortably within the scope of discretionary decisions that prosecutors are authorized to make in every criminal case." (Internal citations omitted.) *Id.* at ¶ 44.

{¶ 8} It further opined that the fact an executive-branch decision is not subject to appellate review does not create a separation of powers issue. *Id.* at ¶ 45. "As the United States Supreme Court has explained, such decisions are 'particularly ill-suited to judicial review' and 'generally rest[ ] entirely in [the officer's] discretion,' subject of course to statutory and constitutional constraints." *Id.*, quoting *Wayte v. United States*, 470 U.S. 598, 607, 105 S.Ct. 1524, 84 L.Ed.2d 547 (1985) and *Bordenkircher v. Hayes*, 434 U.S.

357, 98 S.Ct. 663, 54 L.Ed.2d 604 (1978).

{¶ 9} Recognizing the impact of the *Daniel* decision on his case, Pitts has filed a brief conceding that his assignment of error must be resolved in the State's favor. We agree. *Daniel* makes clear that the reduced-registration provision of the statute does not violate the separation of powers doctrine. Therefore, Pitts' assignment of error is overruled.

### III.	Conclusion

{¶ 10} The judgment of the trial court will be affirmed.

. . . . . . . . . . . . .


TUCKER, J. and LEWIS, J., concur.